IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

SHANE M. POMPURA '
'
    Plaintiff, '
' CIVIL ACTION NO. 4:18-CV-00638
vs. '
'
MAC HAIK AUTOMOTIVE GROUP '
'
'
    Defendant. '

**DEFENDANT MAC HAIK AUTOMOTIVE GROUP'S
12(b)(6) MOTION TO DISMISS AND, IN THE ALTERNATIVE, 12(e)
MOTION FOR MORE DEFINITE STATEMENT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant Mac Haik Dodge Chrysler Jeep, Ltd. (misnamed by Plaintiff as Mac Haik Automotive Group and referred to herein as "Mac Haik"), files this Brief in Support of its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and, in the alternative, Motion for a More Definite Statement pursuant to Federal Rule of Civil Procedure 12(e), and in support thereof would show the following:

### I. Introduction

1. Plaintiff alleges that Mac Haik violated the Fair Credit Reporting Act ("FCRA") by accessing her credit report and sending it to four companies after only giving Mac Haik permission to access her credit one time.

2. Defendant Mac Haik is not required to obtain express consent each time a lender accesses Plaintiff's credit report. In the alternative, Defendant Mac Haik moves for a more definite statement regarding Plaintiff's allegations under the FCRA.

## II. Plaintiff's Factual Allegations

3.  Plaintiff filed her complaint pro se. Plaintiff alleges that she visited Mac Haik on or about July 29, 2015 and at some unknown time in August of 2015. Plaintiff alleges that she gave Mac Haik permission to pull her credit one time, but did not give Mac Haik permission to send her credit information to four other companies. Plaintiff alleges that those companies pulled her credit and were not authorized to do so. Plaintiff further avers that Mac Haik again accessed her credit sometime in August of 2015. Plaintiff seeks relief under 15 U.S.C. § 1681.

## III. Legal Standard

4.  Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint for "failure to state a claim for which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Aschroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). While the factual allegations need not be overly detailed, a plaintiff must provide the grounds of his entitlement to relief, which "requires more than labels and conclusions," and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). For instance, "a formulaic recitation of a cause of action's elements will not do." *Id.*; *see also Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to defeat a motion to dismiss.").

## IV. Arguments and Authorities

5. The Court should dismiss Plaintiff's claims under the FCRA because courts have consistently held that the FCRA does not require express consent for each time a potential creditor accesses a consumer's credit report.

6. Further, in the event the Court does not dismiss Plaintiff's claims, Defendant Mac Haik respectfully requests that the Court require Plaintiff to submit a more definite statement of her claims against this Defendant.

### A. Express Consent is Not Required for Each Time Credit is Submitted

7. Plaintiff admits that she authorized Mac Haik to access her credit, but claims that the submission of her information to other companies and their accessing her credit report was without a permissible purpose because she only authorized Mac Haik to access her credit one time. Mac Haik is not required to obtain express consent every time it submits Plaintiff's credit information to potential lenders in order to have a permissible purpose under the FCRA.

8. The seminal case regarding this issue under the FCRA is *Stergiopoulos & Ivelisse Castro v. First Midwest Bancorp, Inc.*, 427 F.3d 1043 (7th Cir. 2005). In *Stergiopoulos*, the Plaintiffs visited two different dealerships and completed credit applications authorizing two lenders to access their credit report. The credit applications did not disclose that other third-party lenders unknown to the Plaintiffs might order copies of Plaintiffs' credit report. *Id.* at 1045. Plaintiff sued one of the third party lenders, alleging that they violated the FCRA by accessing their credit reports without a permissible purpose.

9. The Court noted that there is a permissible purpose under section 1681(a)(3)(A) when the party accessing the is "involved" in a credit transaction with the consumer. *Id.* at 1046. The Court held that the word "involved" implies that "the entity obtaining the credit report may not have

a predicate credit transaction with the consumer directly; instead, on its face, the provision merely requires that the entity must be engaged in a credit transaction in which the consumer is participating." *Id* at 1046-47.

10. Courts have consistently applied *Stergiopoulos* to hold that multiple creditors can access a consumers credit report without requiring the consumer to expressly approve each request. *See, e.g. Wells v. Craig & Landreth Cars, Inc.*, 474 F. App'x 445, 447 (6th Cir.2012) (affirming dismissal of complaint where lender intended to extend consumer credit although a credit application was filed without her permission by a car dealership); *Shepherd–Salgado v. Tyndall Fed. Credit Union*, 2011 WL 5401993 (S.D. Ala. Nov.7, 2011) (granting defendant's motion to dismiss after finding that the complaint made no allegation that defendant lenders had known that car dealer was unauthorized to send them plaintiff's credit information); *Enoch v. Dahle/Meyer Imports, L.L.C.*, 2007 WL 4106264 (D.Utah Nov.16, 2007) (granting summary judgement for lenders and finding a permissible purpose after lenders had sought plaintiff's credit report to check her creditworthiness after a loan application was forwarded without her permission).

11. Here, Plaintiff admits that she authorized Mac Haik to access her credit report and merely alleges that Mac Haik forwarded her credit application to third parties without her permission. Under *Stergiopoulos*, Mac Haik is not required to have express permission to provide Plaintiff's credit information to third party lenders. As such, Plaintiff fails to state a claim under the Fair Credit Reporting Act.

## B. Alternatively, Plaintiff Should be Required to Submit a More Definite Statement of Her Claims Under the Fair Credit Reporting Act

12. Defendant alternatively moves for a more definite statement of Plaintiff's claims against it. Under Federal Rule of Civil Procedure 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e).

13. Plaintiff's claims are vague and ambiguous in that Plaintiff provides no context to her transaction with Mac Haik. Plaintiff just alleges that she went to the dealership, authorized one credit inquiry, and then claims that there were additional inquiries made without a permissible purpose. Plaintiff must at a minimum provide the details of her transaction with Mac Haik, including, but not limited to, whether and when she entered into a credit relationship with Mac Haik and whether that transaction was assigned or intended to be assigned to a third party lender.

14. Accordingly, should the Court deny Defendant's motion to dismiss, Defendant alternatively requests that the Court direct Plaintiff, in compliance with Federal Rules of Civil Procedure 12, to submit a more definite statement of its claims in the form of an amended complaint containing "a short and plain statement of each [Plaintiffs'] claim[s]" against each of the Defendants, supported by "simple, concise, and direct" factual allegations supporting each of those claims.

## V. Conclusion

15. Plaintiff fails to state a claim under the Fair Credit Reporting Act because the FCRA does not require express consent each time a dealer submits a consumer's credit to a third party lender.

16. Alternatively, the Court should require Plaintiff to replead to submit a more definite statement of her claims and to plead fraud with particularity.

Respectfully submitted,

By: /s/ *Andrew H. Sharenson*
DONALD W. GOULD, II.
Texas State Bar No. 08234250
ANDREW H. SHARENSON
Texas State Bar No.: 24041900

Of Counsel:

JOHNSON DELUCA KENNEDY & KURISKY
A Professional Corporation
4 Houston Center
1221 Lamar, Suite 1000
Houston, Texas 77010
(713) 652-2525 - Telephone
(713) 652-5130 - Facsimile

## **CERTIFICATE OF SERVICE**

  I hereby certify that on this 20th day of March, 2018 a true and correct copy of the foregoing instrument was served upon all counsel of record in accordance with the Federal Rules of Civil Procedure, as shown below:

  Shane M. Pompura
  9450 Pinecroft Drive 9797
  Spring, Texas 77387


            /s/ Andrew H. Sharenson
            Andrew H. Sharenson